**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

CODY S. HOWARD                                                            PLAINTIFF
#79081

v.                                    4:23-cv-00105-BSM-JJV

DOES 1-2, Administrator and
Pulaski Shift Supervisors, Pulaski County Jail                    DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United

States District Judge Brian S. Miller. Any party may serve and file written objections to this

Recommendation.   Objections should be specific and include the factual or legal basis for the

objection.   If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.   Your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of this

Recommendation.   Failure to file timely objections may result in a waiver of the right to appeal

questions of fact.

**I.      DISCUSSION**

Cody S. Howard ("Plaintiff") is confined in the Pulaski County Detention Facility.   In

February 2023, he filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.)

Shortly thereafter, I issued an Order pointing out several pleading deficiencies, giving Plaintiff

thirty days to file an Amended Complaint curing them, and cautioning him that the Amended

Complaint would replace the original Complaint and render it without any legal effect. (Doc. 12.)

Plaintiff has timely filed an Amended Complaint.   (Doc. 17.)   For the following reasons, I

1

conclude it should be dismissed without prejudice for failing to state a plausible claim for relief. [1]

In the Amended Complaint, Plaintiff makes the vague statement that for thirty days, unspecified individuals denied him phone, mail, and visitation privileges because he asked for protective custody.  (Doc. 17.)   According to Plaintiff, this resulted in the violation of his "1st, 2nd, 3rd, 4th, 5th, 6th, 9th, 14th, [and] 15th Amendment" rights.  (*Id.*)   Although I advised him to do so, Plaintiff has not provided any facts to support these conclusory allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face").   And, as noted by other courts, a *pro se* litigant cannot throw a myriad of facts at the court to "see what sticks."   *Pierce v. Homecomings Fin., LLC*, No. 1:17-cv-882-BKS-CFH, 2018 WL 2187384, at *5 (N.D.N.Y. Feb. 1, 2018); *Scarlett v. United States*, No. 16-80017-CR, 2017 WL 11473755, at*17 (S.D. Fla. Dec. 7, 2017).

Second, Plaintiff has not explained how any of the Doe Defendants, who are unspecified jail administrators and shift supervisors, directly participated in the alleged constitutional violations.  *See Iqbal*, 556 U.S. at 676 (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.

---

[1]  The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").    As previously mentioned, I gave Plaintiff the opportunity to cure this pleading deficiency, but he has not done so.

Finally, the Amended Complaint does not say whether the Doe Defendants are being sued in their official or personal capacities.    In such instances, the Court must presume the defendants are being sued in their official capacities only.  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).    And official capacity claims "must be treated as a suit against the County."    *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).    Pulaski County cannot be held vicariously liable for its employees' actions in a § 1983 lawsuit.    *See Id.*    Instead, Pulaski County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise."    *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.*, 829 F.3d 695, 699 (8th Cir. 2016).    Because Plaintiff has not pled any such facts, he has not pled a plausible official capacity claim.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Amended Complaint (Doc. 17) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.    The Court recommend that, in the future, dismissal of this action count as a strike under 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not

be taken in good faith.

Dated this 6th day of April 2023.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE